# MEMO ENDORSED

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BENJAMIN E. STOCKMAN
*Assistant Corporation Counsel*
(212) 788-1177
(212) 788-9776 (fax)
bstockma@law.nyc.gov

May 6, 2008

**BY FAX**
Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 11217

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/2008

Re:   Jose Rivera v. City of New York, et al.
      08 Civ. 2413 (DC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter. Defendant writes to respectfully request that its time to respond to the complaint in this action be enlarged sixty days from May 6, 2008 until July 7, 2008. Plaintiff's counsel consents to this request.

      Plaintiff alleges that on January 7, 2007, while he was incarcerated at the Adolescent Reception and Detention Center on Rikers Island, he was assaulted by several inmates and plaintiff claims that correction officers failed to protect him from this assault.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In the present case, plaintiff alleges that correction officers failed to protect him from being assaulted by fellow inmates. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a medical release. This executed release is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injury and treatment.

      Further, assuming plaintiff effects timely service on the individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may

represent the individually-named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an enlargement of time to respond to the complaint has been made in this case. Accordingly, defendant respectfully requests that its time to answer or otherwise respond to the complaint be enlarged to and including July 7, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Benjamin B. Stockman
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Jeffrey Pollack, Esq., Attorney for plaintiff (By Fax)

Approved.
SO ORDERED

USDJ
5/7/08

2