UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE RIVERA,

                          Plaintiff,

- against -

THE CITY OF NEW YORK AND CORRECTION OFFICER "JOHN" NICHOLAS, BADGE NUMBER UNKNOWN,

                          Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK**

08 CV 2413 (DC)

Jury Trial Demanded

------------------------------------------------------------------------ x

       Defendant City of New York[1] by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] On information and belief, defendant "John" Nicholas has not been served with process in this matter. A review of the Court's docket sheet does not reflect service on this individual.

5. Paragraph "5" of the complaint sets forth a demand for trial by jury rather than averments of fact, to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the New York City Department of Correction is an agency of the City of New York, and respectfully refers the Court to the New York City Charter for a general statement of its functions and responsibilities.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Paragraph "10" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

11. Paragraph "11" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

12. In response to the allegations set forth in paragraph "12" of the complaint, defendant repeats and realleges paragraphs "1" through "11" as if fully set forth herein.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that on January 7, 2007, plaintiff was incarcerated at the Adolescent Reception and Detention Center, which is located at 11-11 Hazen St., East Elmhurst, NY 10037.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendant repeats and realleges paragraphs "1" through "18" as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges paragraphs "1" through "24" as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint, including the presumption that plaintiff's constitutional rights were violated.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges paragraphs "1" through "27" as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint, including the presumption that plaintiff's constitutional rights were violated.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint, and all of its subparts.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges paragraphs "1" through "36" as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint, except admits that the Comptroller's Office received a document purporting to be a notice of claim on March 16, 2007, that the instant action was commenced on or about March 10, 2008, and respectfully refers the Court to the document for a recitation of its contents.

39. Denies the allegations set forth in paragraph "39" of the complaint, except admits that the Comptroller's Office received a purported notice of claim on or about March 16, 2007, and that this purported claim has not been settled or adjusted.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint, except admits that this action was commenced on or about March 10, 2008.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges paragraphs "1" through "41" as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges paragraphs "1" through "44" as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendant repeats and realleges paragraphs "1" through "47" as if fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

53. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

54. Defendant has not violated any rights, privileges or immunities under the Constitution, treaties, or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

55. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

56. Plaintiff's claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

57.     Some of plaintiff's state law claims may be barred for failure to comply with New York General Municipal Law §§ 50-e and 50-i.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

58.     Plaintiff provoked any incident.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

59.     Plaintiff's claims may be barred in whole or in part by the terms of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

60.     Plaintiff cannot obtain punitive damages as against the City of New York.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

61.     At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

- 7 -

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 7, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                    City of New York
                    Attorney for Defendant City of New York
                    100 Church Street, Room 3-155
                    New York, New York 10007
                    (212) 788-1177

By:   /s _____
      Benjamin E. Stockman
      Assistant Corporation Counsel
      Special Federal Litigation Division

To:   Jeffrey Pollak, Esq., Attorney for Plaintiff
      Tracie A. Sundack, LLC
      19 Court Street, Third Floor
      White Plains, NY 10601 (Via E.C.F. and First Class Mail)

## DECLARATION OF SERVICE BY MAIL

      I, BENJAMIN E. STOCKMAN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 7, 2008, I caused to be served the annexed ANSWER TO THE COMPLAINT upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

>Jeffrey Pollack, Esq.
>Tracie A. Sundack, LLC
>19 Court Street, Third Floor
>White Plains, NY 10601

Dated:    New York, New York
              July 7, 2008

/s
_____
BENJAMIN E. STOCKMAN
ASSISTANT CORPORATION COUNSEL

Index No. 08 CV 2413 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RIVERA,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                                        Defendants.

**ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Benjamin E. Stockman*
*Tel:  (212) 788-1177*
*NYCLIS No.*

*Due and timely service is hereby admitssted.*

*New York, N.Y........................................................................................ , 200…*

*................................................................................................................ Esq.*

*Attorney for ............................................................................................*